IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES M. FORDJOUR,<br><br>  Plaintiff,<br><br>  v.<br><br>WASHINGTON MUTUAL BANK, et al.,<br><br>  Defendants.<br>_____ | No. C 07-1446 MMC (PR)<br><br>**ORDER SETTING BRIEFING SCHEDULE AND VACATING HEARING ON DEFENDANT'S MOTION TO COMPEL ARBITRATION AND FOR STAY; DENYING PLAINTIFF'S MOTIONS FOR INJUNCTION AND FOR APPOINTMENT OF COUNSEL; DENYING AS MOOT PLAINTIFF'S MOTIONS TO PROCEED IN FORMA PAUPERIS**<br><br>(Docket Nos. 2, 3, 5 & 11) |

On March 13, 2007, plaintiff, a California prisoner currently incarcerated at San Quentin State Prison and proceeding pro se, filed the above-titled civil action against defendant Washington Mutual Bank,[1] alleging breach of contract as well as violations of the Fair Credit Reporting Act and 42 U.S.C. §§ 1981 and 1985. Plaintiff has paid the filing fee.

On March 13, 2007, plaintiff filed a motion for a "permanent injunction" pursuant to Rule 65 of the Federal Rules of Civil Procedure. Plaintiff has neither complied with the notice requirement of Rule 65(a)(1), nor certified the reasons for his not having provided such notice, as required by Rule 65(b). Accordingly, plaintiff's motion for an injunction pursuant to Rule 65 is hereby DENIED.

---

[1] Plaintiff also names as defendants "Washington Mutual Bank, F.A." and "Washington Mutual." Washington Mutual Bank has notified the Court it was formerly known as "Washington Mutual Bank, FA." It appears from the complaint that "Washington Mutual" is the same entity, as there is no indication of service upon, or any separate appearance by, an entity by that name.

On May 24, 2007, defendant Washington Mutual Bank filed a motion to compel arbitration and for a stay of this action, and noticed the hearing for July 13, 2007 at 9:00 a.m. Within **21 days** of the date this order is filed, plaintiff shall file any opposition to defendant's motion.  If plaintiff files opposition, defendant **shall** file a reply to such opposition no later than **14 days** after the date such opposition is filed.  In light of plaintiff's pro se and incarcerated status, the date for hearing noticed in the motion is hereby VACATED.  The motion will be deemed submitted as of the date the reply brief is due, and no hearing will be held on the motion unless the Court so orders at a later date.  All communications by plaintiff with the Court must be served on defendant's counsel by mailing a true copy of the document to defendant's counsel.

On May 30, 2007, plaintiff filed a motion for appointment of counsel.  Plaintiff's motion is hereby DENIED as there are no exceptional circumstances warranting such appointment.  See Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981) (finding no constitutional right to counsel in civil case).

In light of plaintiff's payment of the filing fee, his applications to proceed in forma pauperis, filed March 13, 2007 and March 30, 2007, respectively, are hereby DENIED as moot.

It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, for failure to prosecute.  Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

This order terminates Docket Nos. 2, 3, 5 and 11.

IT IS SO ORDERED.

DATED: June 8, 2007

MAXINE M. CHESNEY
United States District Judge