IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHARLES M. FORDJOUR, | ) | No. C 07-1446 MMC (PR) |
| Plaintiff, | ) ) | **ORDER GRANTING MOTION FOR EXTENSION OF TIME; DIRECTING DEFENDANTS TO RE-SERVE MOVING PAPERS UPON PLAINTIFF; DENYING MOTION TO RENEW MOTION FOR PERMANENT INJUNCTION** |
| v. | ) ) | |
| WASHINGTON MUTUAL BANK, et al., | ) ) ) | |
| Defendants. | ) | |
| _____ | ) | (Docket No. 14 & 15) |

On March 13, 2007, plaintiff, a California prisoner currently incarcerated at San Quentin State Prison and proceeding pro se, filed the above-titled civil action against defendant Washington Mutual Bank,[1] alleging breach of contract as well as violations of the Fair Credit Reporting Act and 42 U.S.C. §§ 1981 and 1985. On May 24, 2007, defendant Washington Mutual Bank filed a motion to compel arbitration and for a stay of this action, and on June 8, 2007, the Court set a briefing schedule on said motion. Now before the Court is plaintiff's motion, filed June 15, 2007, for an extension of time in which to file an opposition, and requesting service of defendants' moving papers upon him and upon his "representative."

With their moving papers, defendants included proofs of service indicating they had served plaintiff with those papers at his current address. Nevertheless, in light of plaintiff's

---

[1] Plaintiff also names as defendants "Washington Mutual Bank, F.A." and "Washington Mutual." Washington Mutual Bank has notified the Court it was formerly known as "Washington Mutual Bank, FA." It appears from the complaint that "Washington Mutual" is the same entity, as there is no indication of service upon, or any separate appearance by, an entity by that name.

statement that he never received them, defendants are hereby DIRECTED to serve their moving papers upon plaintiff one additional time, on or before **July 5, 2007**.  Plaintiff, however, has no right to have defendants serve his "representative," an individual identified as Maria Dufie Djugba residing in El Cerrito, California, who is not an attorney.  Good cause appearing, plaintiff will be granted an extension of time, to and including **August 6, 2007**, in which to file any opposition to defendant's motion.  If plaintiff files opposition, defendant **shall** file a reply to such opposition no later than **14 days** after the date such opposition is filed.

Also before the Court is plaintiff's motion, filed June 20, 2007, to "renew" his motion for a permanent injunction.  In its June 8, 2007 order setting a briefing schedule on defendant's motion, the Court denied a motion, filed by plaintiff March 13, 2007, by which plaintiff sought a permanent injunction.  Said motion was denied on the ground plaintiff had neither complied with the notice requirement of Rule 65(a)(1) of the Federal Rules of Civil Procedure, nor certified his reasons for his not having provided such notice, as required by Rule 65(b).  Although plaintiff has served the present motion upon defense counsel, he has not included in his present motion any basis for a permanent injunction or any description of the injunctive relief he seeks.  Plaintiff may not rely on his prior motion by reference because defendants had no notice of said motion.  Accordingly, plaintiff's motion to "renew" his motion for a permanent injunction is hereby DENIED.

This order terminates Docket Nos. 14 and 15.

IT IS SO ORDERED.

DATED: June 27, 2007

_____
MAXINE M. CHESNEY
United States District Judge