IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES M. FORDJOUR, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WASHINGTON MUTUAL BANK, et ) <br> al., ) <br> ) <br> Defendants. ) <br> _____ ) | No. C 07-1446 MMC (PR) <br><br> **ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION; STAYING ACTION UNTIL ARBITRATION PROCEEDING IS COMPLETED; DIRECTING CLERK OF COURT TO ADMINISTRATIVELY CLOSE ACTION PENDING STAY** <br><br> **(Docket Nos. 8, 18, 19 & 27)** |

On March 13, 2007, plaintiff, a California prisoner currently incarcerated at Avenal State Prison and proceeding pro se, filed the above-titled civil action against defendant Washington Mutual Bank ("WMB"),[1] alleging breach of contract as well as violations of the Fair Credit Reporting Act (15 U.S.C. § 1681, et seq.), the Fair Housing Act (42 U.S.C. §§ 3604 & 3605), and the Civil Rights Act (42 U.S.C. § 1981). Now before the Court is WMB's motion to compel arbitration and for a stay of this action.[2]

---

[1] Plaintiff also names as defendants "Washington Mutual Bank, F.A." and "Washington Mutual." Washington Mutual Bank has notified the Court it was formerly known as "Washington Mutual Bank, FA." It appears from the complaint that "Washington Mutual" is the same entity, as there is no indication of service upon, or any separate appearance by, an entity by that name.

[2] WMB filed the motion to compel arbitration and for a stay of this action on May 24, 2007; plaintiff filed his opposition to the motion on June 26, 2007. On October 25, 2007, WMB filed a renewed motion to compel arbitration and for a stay of this action. As the

## BACKGROUND

According to the allegations in the complaint, in March 2006 plaintiff opened three custodial accounts – one for each of his children – at WMB in San Francisco. (Compl. at 3.) On December 17, 2006, when plaintiff became incapacitated due to his incarceration, he appointed his sister, Mrs. Hana Dufie Djugba ("Djugba") to have power of attorney to gain access to the custodial accounts. (Compl. at 3A.) According to plaintiff, WMB has not allowed Djugba access to the custodial accounts to withdraw funds for the benefit of plaintiff's children; as a result, plaintiff's children have suffered financial hardship and other injury, including the loss of their home due to Djugba's inability to pay the mortgage. (Compl. at 3B, 3C.)

Plaintiff alleges the following causes of action against WMB: (1) breach of contract due to WMB's failure to honor a signed agreement allowing plaintiff's appointed representative to withdraw funds from the custodial accounts; (2) intentional racial discrimination in the making and enforcement of contracts, in violation of the Civil Rights Act (42 U.S.C. § 1981); (3) violation of the Fair Credit Reporting Act (15 U.S.C. § 1681, et seq.) due to the adverse affects on plaintiff's credit report resulting from Djugba's inability to access funds to pay the mortgage; and (4) racial discrimination in violation of the Fair Housing Act (42 U.S.C. §§ 3604 & 3605) due to WMB's practices leading to the loss of plaintiff's home.

## DISCUSSION

A. <u>Motion to Compel Arbitration</u>

WMB moves for a court order compelling arbitration of this action under the Federal Arbitration Act ("FAA").

The FAA applies to an arbitration clause that is a "written provision . . . a contract evidencing a transaction involving commerce." 9 U.S.C. § 2. Under the FAA, parties to an arbitration agreement may seek an order from the district court to compel arbitration. <u>Id.</u> § 4.

---

renewed motion appears to be identical to the previously-filed motion, the renewed motion will be stricken as duplicative.

The terms of the FAA do not allow a district court to exercise its discretion when faced with such a request; rather, the court is required to direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed. Chiron Corp. v. Ortho Diagnostic Sys., Inc., 207 F.3d 1126, 1130 (9th Cir. 2000). The court's role under the FAA is therefore limited to determining "(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." Id. If both elements are present, the FAA requires the court to enforce the arbitration agreement. Id. Where neither party challenges the validity of an arbitration agreement, "the FAA restricts [the court's] review to deciding only whether the dispute is arbitrable, that is, whether it falls within the scope of the parties' agreement to arbitrate." Id. at 1131.

In this case, the parties do not dispute the validity of the underlying arbitration clause included in the Master Accounts Agreement that plaintiff signed when he opened the three custodial accounts at WMB. (Decl. Karen Gill Supp. Mot. Compel Arb. ("Gill Decl.") Ex. A.) Consequently, the only question before the Court is whether the arbitration clause encompasses the dispute at issue.

The terms of the arbitration clause provide in relevant part:

> The Bank and you elect to be bound by the Federal Arbitration Act. Except as set forth below, the parties must arbitrate any dispute or controversy concerning your deposit account and safebox relationships with us whether or not arising out of federal or state law or regulation or otherwise, including without limit, debit/ATM cards, checks, treasury/cash management services, ACH, Online or Telephone Banking, wire transfers or other related services, WHEN EITHER party requests that the matter be submitted to arbitration. Under the procedure, the dispute is submitted to a neutral party for determination.
>
> The arbitrator shall be selected by mutual agreement, or, if you and the Bank cannot agree, in accordance with the selection procedure provided in the rules of the arbitration service selected by the parties. If there is no such provision, selection will be according to Section 5 of the Federal Arbitration Act. The decision of the arbitrator is final and binding except as the Federal Arbitration Act may otherwise provide. The decision of the arbitrator can be entered in the court as a judgment and enforced according to the state and/or federal laws. An award may also be enforced pursuant to the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards of 1958 (the "New York Convention"). You agree and consent to the service of legal process, including (without limit) demand for arbitration by mail, at the most recent address shown for you in our records. The costs of arbitration will be equally borne by you and the Bank unless the arbitrator's decision allocates

3

1         cost differently.

2         Except as set forth below, a dispute involving one deposit account or safebox relationship, or two or more deposit account and/or safebox relationships with at least one common owner, is eligible for arbitration hereunder and, if arbitration is requested, will be decided under the Commercial Arbitration Rules of the American Arbitration Association.

5 (Gill Decl. Ex. B.)

6         Plaintiff argues the arbitration clause is inapplicable herein because the clause does not specify that it applies to the causes of action plaintiff raises. Plaintiff's argument is not supported by the relevant authority. The FAA establishes a "liberal federal policy favoring arbitration agreements." Moses H. Cone Memorial Hosp. v. Mercury Const. Corp., 460 U.S. 1, 24 (1983). Consequently, "as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." Id. at 24-25. The presumption of arbitrability is particularly applicable where the arbitration clause is broad. AT&T Technologies v. Communication Workers, 475 U.S. 643, 650 (1986); see Chiron, 207 F.3d 1131 (describing as "broad and far reaching" arbitration clause covering "any dispute, controversy or claim arising out of or relating to the validity, construction, enforceability or performance of the Agreement"). Moreover, the Supreme Court has made clear that the duty to enforce arbitration agreements applies to statutory claims. See Green Tree Fin. Corp. v. Randolph, 531 U.S. 79, 89-90 (2000) ("Even claims arising under a statute designed to further important social policies may be arbitrated because so long as the prospective litigant effectively may vindicate [his or her] statutory cause of action in the arbitral forum, the statute serves its functions.") (internal quotation and citation omitted).

24         Here, as noted, plaintiff alleges that WMB's refusal to allow Djugba access to the custodial accounts opened for plaintiff's children has resulted in WMB's breach of contract and violations of the Civil Rights Act, the Fair Credit Reporting Act and the Fair Housing Act. The Court finds plaintiff's claims are subject to arbitration under the broad language of the subject arbitration clause, which provides that "the parties must arbitrate any dispute or

controversy concerning [plaintiff's] deposit account and safebox relationships with [WMB] whether or not arising out of federal or state law or regulation or otherwise . . . ." (Gill Decl. Ex. B.) Accordingly, because a valid agreement to arbitrate exists that encompasses the dispute at issue, the Court will grant defendant's motion to compel arbitration.

B.     Motion to Stay Proceedings

Defendant has applied for a stay of this action until the arbitration proceeding is completed. The FAA provides that when a court is satisfied that issues involved in a lawsuit are referable to arbitration, the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. In view of the Court's finding that plaintiff's claims are arbitrable, defendant's request to stay the instant action pending arbitration will be granted.

C.     Plaintiff's Motion for Injunctive Relief

Plaintiff has filed a motion for injunctive relief, by which he asks the Court to order WMB to allow Djugba access to the custodial accounts at issue; he has also filed a motion to set a hearing date on the motion for injunctive relief. The matter of Djugba's access to the custodial accounts is at the core of the instant action; accordingly, because the action will proceed to arbitration, the motions will be denied.

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1. Defendant's motion to compel arbitration and for a stay of the instant proceedings pending arbitration is hereby GRANTED. (Docket No. 8.) The parties shall notify the Court within **ten (10) days** of the receipt of the arbitrator's decision.

2. Plaintiff's motions for injunctive relief and to set a hearing date are hereby DENIED. (Docket Nos. 18, 19.)

3. Defendant's renewed motion to compel arbitration and for a stay of the instant proceedings is hereby STRICKEN as duplicative. (Docket No. 27.)

4. The Clerk shall ADMINISTRATIVELY CLOSE the case pending the stay of this action.

This order terminates Docket Nos. 8, 18, 19 and 27.

IT IS SO ORDERED.

DATED: February 1, 2008

_____
MAXINE M. CHESNEY
United States District Judge