IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES M. FORDJOUR,<br><br>          Plaintiff,<br><br>  v.<br><br>WASHINGTON MUTUAL BANK,<br>et al.,<br><br>          Defendants.<br>_____ | No. C 07-1446 MMC (PR)<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS TO REOPEN ACTION, TO COMPEL ARBITRATION AND TRANSPORTATION TO ARBITRATION PROCEEDINGS, TO JOIN ADDITIONAL PARTIES AND FILE SUPPLEMENTAL PLEADINGS; GRANTING PLAINTIFF'S MOTION FOR ORDER REQUIRING DEFENDANTS TO FILE STATUS REPORT ON ARBITRATION PROCEEDINGS**<br><br>**(Docket Nos. 40, 41, 43 & 46)** |

On March 13, 2007, plaintiff, a California prisoner currently incarcerated at the Kings County Jail in Hanford, California, and proceeding pro se, filed the above-titled civil action against defendant Washington Mutual Bank ("WMB"), alleging breach of contract as well as violations of the Fair Credit Reporting Act (15 U.S.C. § 1681, et seq.), the Fair Housing Act (42 U.S.C. §§ 3604 & 3605), and the Civil Rights Act (42 U.S.C. § 1981). By order dated February 1, 2008, the Court granted WMB's motion to compel arbitration of the action under the Federal Arbitration Act ("FAA"). In so doing, the Court stayed all further proceedings in this matter pending arbitration, and directed the parties to notify the Court within ten days of the arbitrator's decision.

        Now before the Court are plaintiff's motions to reopen the instant action, compel the

Kings County Sheriff's Department to transport him to arbitration proceedings, require defendants to file a report on the status of the arbitration proceedings,[1] and join additional parties and file supplemental pleadings with respect to the complaint herein.

All of plaintiff's motions stem from his assertion that, approximately one year after the Court granted defendants' motion to compel arbitration, no arbitrator has yet been appointed and arbitration proceedings have not commenced. Specifically, plaintiff states that after the instant matter was stayed he repeatedly contacted defendants' counsel in an attempt to initiate arbitration proceedings, but it was not until September 2, 2008 that defendants' counsel informed him that it is plaintiff's responsibility to find an arbitrator. Consequently, on October 7, 2008, plaintiff filed a demand for arbitration with the American Arbitration Association ("AAA") and, on October 27, 2008, AAA sent an arbitration file number to the parties. Plaintiff states, however, that no arbitration proceedings have yet commenced. He moves the Court either to appoint an arbitrator and compel defendants to engage in arbitration, or to reopen the instant action. Additionally, plaintiff moves the Court for an order directing the Kings County Sheriff's Department to transport him to arbitration proceedings.

The above-referenced motions to appoint an arbitrator and compel arbitration, to reopen, and to transport will be denied. As plaintiff has requested that AAA preside over the arbitration proceedings, and a case file apparently has been opened by AAA in that regard, the appointment of an arbitrator and commencement of arbitration proceedings is governed solely by the rules of AAA.[2] Consequently, plaintiff must communicate with the AAA with respect to his concerns. Further, as no arbitration proceedings have yet commenced, plaintiff's request for transportation to such proceedings is premature.

In light of the length of time that has passed since the Court granted defendants'

---

[1] In his motion for a status report, plaintiff also seeks an order either appointing an arbitrator and compelling arbitration, or alternatively, to reopen the case.

[2] See American Arbitration Association, Consumer Procedures at www.adr.org/consumer_arbitration.

2

motion to compel arbitration, however, and good cause appearing, the Court will grant plaintiff's motion for an order requiring defendants to file a report on the status of the arbitration proceedings. Defendants shall file such report as set forth below.

Finally, plaintiff moves to join additional parties and file supplemental pleadings with respect to the complaint herein. Said motion will be denied; all further proceedings in this matter have been stayed pending completion of the arbitration proceedings.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. Plaintiff's motions to appoint an arbitrator and compel arbitration or alternatively reopen the instant action, to transport plaintiff to arbitration proceedings, and to join additional parties and file supplemental pleadings are hereby DENIED.

2. Plaintiff's motion requiring defendants to file a report on the status of the arbitration proceedings is hereby GRANTED.

Within **twenty (20)** days of the date this order is filed, defendants shall file with the Court and serve upon plaintiff such report.

This order terminates Docket Nos. 40, 41, 43 and 46.

IT IS SO ORDERED.

DATED: February 9, 2009

MAXINE M. CHESNEY
United States District Judge