IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES M. FORDJOUR,<br><br>    Plaintiff,<br><br>  v.<br><br>WASHINGTON MUTUAL BANK,<br><br>    Defendant.<br>_____ | No. C 07-1446 MMC (PR)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO VACATE ARBITRATION AWARD; GRANTING DEFENDANT'S PETITION TO CONFIRM ARBITRATION AWARD; DISMISSING ACTION; DIRECTIONS TO CLERK**<br><br>**(Docket No. 64)** |

On March 13, 2007, plaintiff, a California prisoner currently incarcerated at the Yuba County Jail in Marysville, California, and proceeding pro se, filed the above-titled civil action against defendant Washington Mutual Bank ("WMB"), alleging breach of contract as well as violations of the Fair Credit Reporting Act (15 U.S.C. § 1681, et seq.), the Fair Housing Act (42 U.S.C. §§ 3604 & 3605), and the Civil Rights Act (42 U.S.C. § 1981). Thereafter, the Court granted WMB's motion to compel arbitration under the Federal Arbitration Act ("FAA") (9 U.S.C. § 1, et seq.).

Now before the Court are plaintiff's motion to vacate the arbitration award, and WMB's petition to confirm the award. For the reasons stated below, the Court will deny plaintiff's motion, grant WMB's petition, and dismiss the action with prejudice.

**PROCEDURAL BACKGROUND**

The instant action involves a dispute concerning three custodial accounts, one for each of plaintiff's children, that plaintiff opened in March 2006 at WMB in San Francisco. (Compl. at 3.) On December 17, 2006, after plaintiff became incapacitated due to his incarceration, he granted his sister, Hana Dufie Djugba ("Djugba") power of attorney to gain access to the custodial accounts. (Compl. at 3A.) Plaintiff's attempt to have WMB allow his sister access to the accounts was unsuccessful, however, and, ultimately, plaintiff agreed to close the accounts and have checks issued in his name. (Decl. Jason A. Helsel Supp. Opp. Pl.'s Mot. Vacate Arb. Award ("Helsel Decl.") ¶ 3.)

Plaintiff then filed the instant complaint, alleging the following causes of action against WMB: (1) breach of contract, due to WMB's failure to honor a signed agreement allowing plaintiff's appointed representative to withdraw funds from the custodial accounts; (2) intentional racial discrimination in the making and enforcement of contracts, in violation of the Civil Rights Act; (3) violation of the Fair Credit Reporting Act, due to the adverse affects on plaintiff's credit report resulting from Djugba's inability to access funds to pay the mortgage; and (4) racial discrimination in violation of the Fair Housing Act, due to WMB's practices leading to the loss of plaintiff's home.

By order filed February 1, 2008, the Court granted WMB's motion to compel arbitration, finding "plaintiff's claims are subject to arbitration under the broad language of the subject arbitration clause, which provides that 'the parties must arbitrate any dispute or controversy concerning [plaintiff's] deposit account and safebox relationships with [WMB] whether or not arising out of federal or state law or regulation or otherwise . . . .'" (Order, filed Feb. 1, 2008, at 4:28-5:3.) In so doing, the Court stayed all further proceedings in this matter pending the conclusion of arbitration.

On September 21, 2009, the arbitrator issued an award summarily denying all of plaintiff's claims for relief. As noted, plaintiff has filed a motion to vacate the award, and WMB has filed a petition to confirm the award. The matters have been fully briefed.

2

**DISCUSSION**

A.  Legal Standard

Judicial review of arbitration awards is narrowly limited by the FAA, which "enumerates limited grounds on which a federal court may vacate, modify or correct an arbitral award." Bosack v. Soward, 586 F.3d 1096, 1102 (9th Cir. 2009). Under the FAA, "a court 'must' confirm an arbitration award 'unless' it is vacated, modified, or corrected 'as prescribed' in [9 U.S.C.] §§ 10 and 11." Hall St. Assocs., L.L.C., v. Mattel, Inc., 552 U.S. 576, 582 (2008) (citing 9 U.S.C. § 10(a)).

Section 10 of the FAA sets forth the exclusive grounds for vacating an arbitration award. U.S. Life Ins. Co. v. Superior Nat. Ins. Co., 591 F.3d 1167, 1173 (9th Cir. 2010). Specifically, § 10(a) provides:

> In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration –
>
> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

"Section 10(a)'s limited grounds are designed to preserve due process but not to permit unnecessary public intrusion into private arbitration procedures." U.S. Life Ins. Co., 591 F.3d at 1173 (internal quotation and citation omitted). The burden of establishing grounds for vacating an arbitration award is on the party seeking to vacate the award. Id.

As recently stated by the Ninth Circuit: "Case law recognizes that, in order to provide a relatively expeditious and inexpensive dispute resolution, arbitration is not governed by the federal courts' strict procedural and evidentiary requirements." Id. Consequently, when

1  interpreting and applying the FAA, courts should not impose the federal courts' procedural
2  and evidentiary requirements on the arbitration proceeding; rather, their responsibility is to
3  ensure that the FAA's due process protections were afforded.  Id.

B.   Background

Plaintiff moves to vacate the arbitration award on the ground the arbitrator's failure to postpone the arbitration hearing for a second time satisfies all four provisions for relief under § 10(a).

The parties have submitted the following evidence relevant to plaintiff's motion: On February 13, 2009,[1] the appointment of Robert W. Brown, Esq. as arbitrator in the instant matter was confirmed by the American Arbitration Association ("AAA") in written correspondence to plaintiff and WMB.  Additionally, AAA informed the parties that a preliminary hearing would be held, and asked the parties to provide available dates.  (Decl. Charles A. Fordjour Supp. Mot. Vacate Arb. Award ("Pl.'s Decl.") ¶ 15 & Ex. 9.)

Plaintiff corresponded with AAA, asking that he be allowed to attend the preliminary hearing in person and that he be provided, under the Americans with Disabilities Act, with accommodations for his hearing impairment.  Plaintiff's request for an in-person preliminary hearing was denied, and the hearing was held by teleconference.  Pursuant to the scheduling order set at the preliminary hearing, the arbitration hearing was set for July 21, to be held at the AAA office in Fresno.  (Pl.'s Decl. ¶¶ 16-20 & Exs. 10-13.)

On May 15, plaintiff, who at the time was incarcerated at the Santa Clara County Jail, filed a motion asking the Court to issue an order directing the Santa Clara County Sheriff to transport plaintiff to the July 21 arbitration hearing in Fresno and return him that same day to the Santa Clara County Jail.  (Pl.'s Decl. ¶ 21; Docket No. 52.)  On June 10, plaintiff sent a letter to the Court stating he now was incarcerated at the Yuba County Jail, in Marysville.  (Docket No. 54.)

Over the course of the following three weeks plaintiff submitted to AAA a proposed

---

[1] Unless otherwise noted, all dates referenced hereinafter are in 2009.

4

witness list for the arbitration hearing, a list of numbered exhibits, and a declaration "In Support of Testimony and Exhibits." (Pl.'s Decl. ¶¶ 26-28 & Exs. 17-18.)

On July 14, plaintiff sent a request to the arbitrator and to AAA, asking that the July 21 arbitration hearing be postponed as no court order had been issued to transport plaintiff to the hearing. (Pl.'s Decl. ¶ 23 & Ex. 14.) Thereafter, AAA notified the parties that the arbitration hearing had been postponed until September 8. (Pl.'s Decl. Ex. 15A.)

On August 6, the Court received from plaintiff a motion for a court order directing the Yuba County Sheriff to transport plaintiff to the September 8 arbitration hearing in Fresno and return him that same day to the Yuba County Jail. (Pl.'s Decl. ¶ 24; Docket No. 55.)

Thereafter, plaintiff submitted to AAA his opposition to WMB's pre-hearing brief. In the opposition plaintiff set forth in detail his legal arguments, and also attached the above-referenced numbered exhibits, specifically, copies of the instant complaint, the Court's order compelling arbitration, and various papers and exhibits filed by the parties herein regarding plaintiff's dealings with WMB. (Pl.'s Decl. ¶ 29 & Ex. 19.)

On August 31, one week before the scheduled September 8 arbitration hearing, plaintiff sent to AAA a notice that his request for an order to be transported to the arbitration hearing was still pending before the Court, and stated he wished to preserve his right to testify in person at the arbitration hearing. (Pl.'s Decl. ¶ 30 & Ex. 20.) On September 10, AAA forwarded to the arbitrator and WMB both the notice and plaintiff's opposition to WMB's pre-hearing brief. (Pl.'s Decl. ¶ 31 & Ex. 21.)

On September 18, AAA sent to the parties a notice that the hearing had been declared closed by the arbitrator on September 10, and that the arbitrator had fourteen days in which to render the arbitration award. (Pl.'s Decl. ¶ 34 & Ex. 24.) On September 21, the arbitrator entered an award summarily denying all of plaintiff's claims, and directing WMB to bear the costs of the arbitration. (Pl.'s Decl. ¶¶ 35-36 & Ex. 26.)

C.  Analysis

As noted, plaintiff moves to vacate the arbitration award on the ground the arbitrator's failure to postpone the arbitration hearing for a second time satisfies all four provisions for

5

relief under § 10(a).[2] Given the language of each provision, however, and the facts upon which plaintiff relies in support of his argument, the only provision under which plaintiff plausibly might prevail is § 10(a)(3), which provides that an award may be vacated "where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown . . . ." Consequently, the Court will deny plaintiff's motion to vacate the arbitration award under §§ 10(a)(1), (2) and (4), for lack of legal or evidentiary support, and will proceed to consider whether plaintiff is entitled to relief under § 10(a)(3).

Before reaching the merits of plaintiff's argument, the Court addresses the underlying fact that plaintiff's motions for a court order to transport him to the arbitration hearing were not ruled upon by the Court prior to entry of the arbitration award. The Court did not rule on the motions due to an administrative oversight; upon discovery of the oversight after the arbitration award had issued, the Court denied the motions as moot. The Court's failure to timely rule on the motions does not affect the outcome of plaintiff's instant motion to vacate the arbitration award, however, as a determination with respect to whether the arbitrator's refusal to postpone the hearing amounted to misconduct, discussed in detail below, is not dependent upon the Court's actions in such regard. Further, had the Court ruled on the motions prior to the arbitration hearing they would have been denied. As an incarcerated prisoner, plaintiff does not have a constitutional right to appear at a civil hearing unrelated to his conviction or the conditions of his confinement. See Simmons v. Sacramento County

---

[2] As set forth above, 9 U.S.C. § 10(a) provides an arbitration award may be vacated only on the following grounds:

(1) where the award was procured by corruption, fraud, or undue means;
(2) where there was evident partiality or corruption in the arbitrators, or either of them;
(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

6

Superior Court, 318 F.3d 1156, 1160 (9th Cir. 2003); Hernandez v. Whiting, 881 F.2d 768, 770 (9th Cir. 1989). Although a federal district court may issue a writ of habeas corpus ad testificandum directing the custodian of a prisoner to produce the prisoner to testify in court, see 28 U.S.C. §§ 1651(a), 2241(c)(5); Greene v. Prunty, 938 F. Supp. 637, 638 (S.D. Cal. 1996), the decision as to whether to issue such a writ is committed to the discretion of the district court, see id. In deciding whether to grant the writ, the district court must determine "not only whether an inmate-witness' testimony is relevant, but also, whether such testimony is necessary." Id. at 639; see also 28 U.S.C. § 2241(c)(5) (extending writ of habeas corpus to prisoner where "[i]t is necessary to bring him into court to testify or for trial"). Such determination "depends ultimately upon whether the probative value of the testimony justifies the expense and security risk associated with transporting an inmate-witness to court from a correctional facility." Greene, 938 F. Supp. at 639 (internal quotation and citation omitted).

Here, plaintiff's motions provided no explanation as to why his attendance at the arbitration hearing was necessary. In particular, plaintiff failed to explain why the question whether WMB had breached its contractual obligation to plaintiff under the terms of the Master Accounts Agreement ("Agreement") governing the parties' financial interactions could not be decided by the arbitrator based solely on documentary submissions. (See Docket Nos. 52 & 55.) Consequently, the Court would not have found that the probative value of any testimony plaintiff might have offered at the hearing would have justified the expense and security risk associated with transporting plaintiff from the Yuba County Jail to AAA's office in Fresno.

The Court next considers whether the arbitrator, who did not have the benefit of a ruling by the Court on plaintiff's motions to be transported to the arbitration hearing, engaged in misconduct under § 10(a)(3) by refusing to grant plaintiff a second postponement of the arbitration hearing. The expeditious resolution of disputes requires that arbitrators be provided with broad discretion and great deference in their determinations of procedural adjournment requests. Bisoff v. King, 154 F. Supp. 2d 630, 637 (S.D.N.Y. 2001). A party to

an arbitration proceeding is not entitled to a postponement merely by requesting one. Sheet Metal Workers Int'l Ass'n v. Jason Mfg. Inc., 900 F.2d 1392, 1398 (9th Cir. 1990). While the arbitrary denial of a reasonable request for a postponement may serve as a ground for vacating the arbitration award, id., if there exists a reasonable basis for the arbitrator's considered decision not to grant a postponement, no misconduct will be found. See El-Dorado School Dist. #15 v. Cont'l Cas. Co., 247 F.3d 843, 848 (8th Cir. 2001). Similarly, an arbitrator's decision to resolve a dispute without an oral hearing will not amount to misconduct if the decision to do so is reasonable. See Griffin Indust. Inc. v. Petrojam, Ltd., 58 F. Supp. 2d 212, 219-20 (S.D.N.Y. 1999). Additionally, in order to vacate an arbitration award on the ground of arbitrator misconduct under § 10(a)(3), the arbitrator's denial of a postponement or the arbitrator's decision to resolve a dispute without an oral hearing must amount to a denial of fundamental fairness of the arbitration proceeding. See El-Dorado School Dist., 247 F.3d at 848 (finding no misconduct in denial of postponement); Griffin, 58 F. Supp. 2d at 219-20 (finding no misconduct in denial of oral hearing).

Here, the parties have not presented evidence of the arbitrator's reasons for denying plaintiff's request for a second postponement of the hearing. Based on the record, however, the Court concludes there existed a reasonable basis for the arbitrator's denial of plaintiff's request. See El-Dorado School Dist., 247 F.3d at 848 (finding no misconduct where arbitrator did not explain reasons for denying postponement but record evidenced three possible explanations, any or all of which would provide reasonable basis for decision not to postpone). As noted, the underlying purpose of arbitration proceedings is to provide a relatively expeditious and inexpensive form of dispute resolution. U.S. Life Ins. Co., 591 F.3d at 1173. In the instant case, the arbitrator granted plaintiff an approximately six-week postponement of the original hearing, scheduled for July 21, because plaintiff had not obtained a court order to attend the hearing in person. On August 31, one week before the scheduled September 8 hearing, plaintiff wrote AAA a letter seeking another postponement on the ground he had not obtained a court order. Based on such representations by plaintiff, together with the fact of plaintiff's continued incarceration with no stated release date, it was

reasonable for the arbitrator to conclude that plaintiff would not, in the foreseeable future, be able to secure a court order to attend the arbitration hearing in person and, under such circumstances, that further delay of the hearing was not warranted.

Additionally, because the applicable AAA guidelines expressly provide that an arbitration hearing may occur even if a party does not attend,[3] and, as discussed further below, the parties' evidence in the instant matter concerning the contractual dispute was amenable to presentation by way of documentary submissions, it was reasonable for the arbitrator to conclude that the matter could be decided without plaintiff's attendance at the hearing. See Griffin, 58 F. Supp. 2d at 220 (upholding arbitrator's decision not to hold oral hearings where arbitration procedures served to provide parties with notice that decision by arbitrator based solely on papers was distinct possibility); Intercarbon Bermuda, Ltd. v. Caltex Trading and Transport Corp., 146 F.R.D. 64, 74 (S.D.N.Y. 1993) (finding arbitrator's decision to decide matter based on documentary submissions reasonable where parties' evidence amenable to presentation through affidavits).

The Court further concludes that the arbitrator's ruling on the merits of the dispute without plaintiff's attendance at the hearing did not render the arbitration proceedings fundamentally unfair.[4] "Fundamental fairness requires only notice, an opportunity to present relevant and material evidence and arguments to the arbitrators, and an absence of bias on the part of the arbitrators." Nationwide Mut. Ins. Co. v. Home Ins. Co., 278 F.3d 621, 625 (6th Cir. 2002) (internal quotation and citation omitted). In particular, arbitrators must give each party to the dispute an adequate opportunity to present its evidence and argument. Tempo Shain, 120 F.3d at 20. Fundamental fairness does not require that an oral hearing be held. See Griffin, 58 F. Supp. 2d at 220. Rather, as long as an arbitrator's choice to render a

---

[3] See Pl.'s Ex. 23 (AAA Supplementary Procedures for Consumer-Related Disputes) at 5 ¶ C-6.

[4] It is not clear from the parties' submissions whether WMB was afforded the opportunity to present oral argument at the arbitration hearing or whether, upon plaintiff's non-appearance at the hearing, the arbitrator considered only the parties' documentary submissions. In either event, however, plaintiff's non-appearance at the hearing did not render the hearing fundamentally unfair.

9

decision based solely on documentary evidence does not deprive the party of an opportunity to receive a full and fair hearing on the merits, there is no misconduct to warrant vacating the award. See id.

Here, as noted, the underlying issue before the arbitrator was the interpretation of a contractual provision pertaining to whether WMB was required to allow plaintiff to transfer to his sister his power of attorney, thereby allowing her to gain access to the three custodial accounts for plaintiff's children. By the time plaintiff filed the instant action, the money in the accounts had been released to plaintiff by WMB; consequently, plaintiff's claims against WMB were for alleged damages incurred due to his sister's inability to withdraw funds from the account. In preparation for the arbitration hearing, plaintiff submitted a lengthy brief and attached exhibits in support of his argument that WMB had breached its legal obligation to plaintiff under the terms of the Agreement. (Pl.'s Ex. 19.) Plaintiff also submitted a list of proposed witnesses to testify at the arbitration hearing, specifically, two WMB employees and plaintiff himself. (Pl.'s Ex. 17 at 2.) Nowhere in plaintiff's brief or proposed witness list, however, did plaintiff state what oral evidence either he or the witnesses would present at the hearing to support his assertion that WMB had breached the terms of the Agreement. Similarly, in the instant motion to vacate the arbitration award, plaintiff argues the Agreement was breached, but cites no evidence to substantiate his argument other than the written terms of the Agreement.

Based on such record, the Court finds plaintiff has failed to show a denial of fundamental fairness resulted from the arbitrator's decision to resolve the parties' dispute on the papers and without plaintiff's appearance at the hearing. See Griffin, 58 F. Supp. 2d at 220 (finding no denial of fundamental fairness where arbitrator did not hold oral hearings but based decision on documents and written submissions of parties, including petitioner's lengthy brief and exhibits); Intercarbon Bermuda, Ltd., 146 F.R.D. at 74 (finding no denial of fundamental fairness where arbitrator concluded, based on documentary submissions, no oral hearing required to decide contract issue).

Accordingly, as plaintiff has failed to sustain his burden of proving that the

arbitrator's refusal to grant a second postponement of the arbitration hearing amounted to misconduct under § 10(a)(3), plaintiff's motion to vacate the arbitration award on grounds of arbitrator misconduct will be denied, and defendant's petition to confirm the award will be granted. Further, the instant action will be dismissed with prejudice and judgment entered in favor of defendant.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. Plaintiff's motion to vacate the arbitration award is hereby DENIED.

2. Defendant's petition to confirm the arbitration award is hereby GRANTED.

3. The above-titled action is hereby DISMISSED with prejudice.

4. The Clerk shall enter judgment in accordance with the above and close the file.

This order terminates Docket No. 64.

IT IS SO ORDERED.

DATED: June 18, 2010

MAXINE M. CHESNEY
United States District Judge